PEOPLE *v.* JONES

CRIMINAL LAW—FILING OF TRANSCRIPT—APPEAL AND ERROR—MOOT-
NESS.

> Defendant's claim on appeal for a reversal and new trial be-
> cause of the failure of the court reporter timely to file a
> transcript of closing arguments in the defendant's trial was
> moot where the transcript had been subsequently filed and
> counsel for the defendant was afforded sufficient time to assert
> any error in closing arguments, but no claim of error was
> asserted.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 November 5, 1970, at Detroit. (Docket No. 6220.) Decided February 22, 1971. Leave to appeal denied June 3, 1971, 385 Mich 754.

Richard Jones was convicted of assault with intent to commit great bodily harm less than murder and carrying a dangerous weapon with unlawful intent. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 404, 761.

Before: Lesinski, C. J., and J. H. Gillis and Beasley,* JJ.

Per Curiam. Defendant was convicted by a jury of assault with intent to commit great bodily harm less than the crime of murder[1] and carrying a dangerous weapon with unlawful intent.[2]

Defendant claims he is entitled to reversal and a new trial for failure of the court reporter to file timely a transcript of closing arguments. This claim is moot for the reason that the transcript of closing arguments has been subsequently filed and counsel for defendant afforded sufficient time to assert any error in closing arguments. No claim of error in closing arguments has been asserted.

The second issue is whether the court erred in failing to instruct the jury on the included offense of simple assault.[3] No request was made for the instruction nor did defendant object to the instructions as given as required by GCR 1963, 516.2, and MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052), in order to preserve this issue on appeal.

Affirmed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.83 (Stat Ann 1962 Rev § 28.278).
[2] MCLA § 750.226 (Stat Ann 1962 Rev § 28.423).
[3] MCLA § 750.81 (Stat Ann 1962 Rev § 28.276).